FILED
08 APR -3 AM 8: 34
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE RAMIREZ-SALGADO,<br><br>　　　　　　　Petitioner,<br><br>　　v.<br><br>TIM OCHOA, (A) Warden, et al.,<br><br>　　　　　　　Respondent. | Civil No.　08-0562 WQH (WMc)<br><br>**ORDER:**<br><br>**(1) DISMISSING CASE WITHOUT PREJUDICE AND WITH LEAVE TO AMEND; and**<br><br>**(2) DETAILING PETITIONER'S OPTIONS** |

　　　Petitioner, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, and has paid the $5.00 filing fee.

## FAILURE TO NAME PROPER RESPONDENT

　　　Review of the Petition reveals that Petitioner has failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. *See id.*

　　　The warden is the typical respondent. However, "the rules following section 2254 do not specify the warden." *Id.* "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal

institutions.'" *Id.* (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).'" *Id.* (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of] habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody. The actual person who is [the] custodian [of the petitioner] must be the respondent." *Ashley v. Washington*, 394 F.2d 125, 126 (9th Cir. 1968). This requirement exists because a writ of habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the body" if directed to do so by the Court. "Both the warden of a California prison and the Director of Corrections for California have the power to produce the prisoner." *Ortiz-Sandoval*, 81 F.3d at 895.

Here, Petitioner has incorrectly named "Tim Ochoa (A) Warden," as Respondent. In order for this Court to entertain the Petition filed in this action, Petitioner must name the warden in charge of the state correctional facility in which Petitioner is presently confined or the Director of the California Department of Corrections. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

## FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES AS TO ALL CLAIMS

Further, Petitioner has not alleged exhaustion as to claim one. (*See* Pet. at 6.) The exhaustion requirement is satisfied by providing the state courts with a "fair opportunity" to rule on Petitioner's constitutional claims. *Anderson v. Harless*, 459 U.S. 4, 6 (1982). In most instances, a claim is exhausted once it is presented to a state's highest court, either on direct appeal or through state collateral proceedings.[1] *See Sandgathe v. Maass*, 314 F.3d 371, 376 (9th

---

[1] 28 U.S.C. § 2254 (b)(1)-(2) states:
(b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -
    (A) the applicant has exhausted the remedies available in the courts of the State; or
    (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
(2) An application for a writ of habeas corpus may be denied on the merits,

Cir. 2002). The constitutional claim raised in the federal proceedings must be the <u>same</u> as that raised in the state proceedings. *See Anderson*, 459 U.S. at 6.

Here, Petitioner's claim that the state courts have deprived him of due process and equal protection by refusing to hold an evidentiary hearing and denying discovery is unexhausted.

## 2. PETITIONER'S OPTIONS

Because Petitioner's petition contains both exhausted and unexhausted claims, he must choose one of the following options if petitioner wishes to proceed with this case:

### i) First Option: Demonstrate Exhaustion

Petitioner may file further papers with this Court to demonstrate that he has in fact exhausted the claims the Court has determined are likely unexhausted. If Petitioner chooses this option, his papers are due no later than **May 5, 2008**. Respondent may file a reply by **June 4, 2008**.

### ii) Second Option: Voluntarily Dismiss the Petition

Petitioner may move to voluntarily dismiss his entire federal petition and return to state court to exhaust his unexhausted claims. Petitioner may then file a new federal petition containing only exhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 510, 520-21 (1982) (stating that a petitioner who files a mixed petition may dismiss his petition to "return[] to state court to exhaust his claims"). If Petitioner chooses this second option, he must file a pleading with this Court no later than **May 5, 2008**. Respondent may file a reply by **June 4, 2008**.

Petitioner is cautioned that any new federal petition must be filed before expiration of the one-year statute of limitations. Ordinarily, a petitioner has one year from when his conviction became final to file his federal petition, unless he can show that statutory or equitable "tolling" applies. *Duncan v. Walker*, 533 U.S. 167, 176 (2001); 28 U.S.C. § 2244(d).[2] Filing a petition

---

notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

[2] 28 U.S.C. § 2244 (d) provides:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
 (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
 (B) the date on which the impediment to filing an application created by State

in federal court does not stop the statute of limitations from running. *Id.* at 181-82; *Frye v. Hickman*, 273 F.3d 1144, 1145-46 (9th Cir. 2001); 28 U.S.C. § 2244(d).

### iii) Third Option: Formally Abandon Unexhausted Claim

Petitioner may formally abandon his unexhausted claims and proceed with his exhausted ones. *See Rose*, 455 U.S. at 510, 520-21 (stating that a petitioner who files a mixed petition may "resubmit[] the habeas petition to present only exhausted claims"). If Petitioner chooses this third option, he must file a pleading with this Court no later than **May 5, 2008**. Respondent may file a reply by **June 4, 2008**.

Petitioner is cautioned that once he abandons his unexhausted claims, he may lose the ability to ever raise it in federal court. *See Slack v. McDaniel*, 529 U.S. 473, 488 (2000) (stating that a court's ruling on the merits of claims presented in a first § 2254 petition renders any later petition successive); *see also* 28 U.S.C. § 2244 (a)-(b).[3]

### iv) Fourth Option: File a Motion to Stay the Federal Proceedings

Petitioner may move to stay this federal proceeding while he returns to state court to exhaust his unexhausted claims. *See Jackson v. Roe*, 425 F.3d 654, 660 (9th Cir. 2005) (interpreting *Rhines v. Weber*, 544 U.S. 269 (2005) as permitting a district court to stay a mixed

---

action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgement or claim is pending shall not be counted toward any period of limitation under this subsection.

[3] 28 U.S.C. § 2244(b)(2) provides that a claim presented in a second or successive habeas corpus application under § 2254 shall be dismissed unless:
    (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
    (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
    (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

petition while the petitioner returns to state court); *Valerio v. Crawford*, 306 F.3d. 742, 770-71 (9th Cir. 2002) (en banc); *Calderon v. United States Dist. Ct. for the N. Dist. of Cal.*, 134 F.3d 981, 986-88 (9th Cir. 1998). If Petitioner chooses this fourth option, he must file a pleading with this Court no later than **May 5, 2008**. Respondent may file a reply by **June 4, 2008**.

### CONCLUSION

For the foregoing reasons, the Court DISMISSES this case without prejudice and with leave to amend. If Petitioner wishes to proceed with this case, he must, **no later than May 5, 2008**, respond to this order by choosing one of the options outlined below **AND** by filing a petition which names a proper respondent.[4] *See Rose*, 455 U.S. at 522.

**IT IS SO ORDERED.**

DATED: 4/2/08

William Q. Hayes
United States District Judge

---

[4] Although the dismissal is "without prejudice," Petitioner is again cautioned that any later federal petition may be barred by the statute of limitations. See 28 U.S.C. § 2244(d)(1)-(2); see also footnote two of this Order.