Jose Ramirez-Salgado, C-11124
Calipatria State Prison
D2-233-L
P.O. Box 5002
Calipatria CA 92233-5002
Petitioner, In Pro Se

FILED

2008 MAY -2 PM 2:36

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JOSE RAMIREZ-SALGADO,
    Petitioner,

Vs.

Larry E. Scribner, Acting Warden,
    Respondents.

) CASE NO: 08-0562 WQH(WMc)
)
) Petitioner's Response to Court's
) Order of April 02, 2008.
)
)
)

To the Honorable Judge William Q. Hayes, and the above entitled Court:

HERECOMESNOW, Petitioner Jose Ramirez-Salgado, in response to this Court's Order dated April 02, 2008. Where the Court ordered: (1) Dismissing Case Without Prejudice and With Leave to Amend; and (2) Detailing Petitioner's Options, on Application for Writ of Habeas Corpus Civil Case No. 08-056 WQH(WMc). For the primary reasons of: 1) Failing to name proper respondent; and, 2) Failing to allege exhaustion of State Judicial remedies as to all claims - specifically Claim #1 - "State Courts Deprived Petitioner of Due Process and Equal Protection of Law by refusing to hold Evidentiary Hearing and Denying Discovery."

/ / /

/ / /

- 1 -

I.

To address this Court's Concern number 1 - Failing to name proper respondent. Mr. Tim Ochoa was until the middle of March of 2008, the Acting (A) Warden of CDCR's Calipatria State Prison, and had been such for about six months. During which time Petitioner was preparing this petition. Mr. Larry E. Scribner has been re-appointed by CDCR as Acting Warden ((A) Warden). The Court may have mistook the "(A)" to mean 'Associate' Warden instead of 'Acting" as it is used at this Prison. Petitioner appoligizes for such error, and under FRCP Rule 25, will now replace Mr. Ochoa with Mr. Scribner as Respondent, and amend the enclosed petition as such.

II.

Addressing the Court's Concern #2 - Failing to allege the Exhaustion of State Judicial Remidies as to claim 1.

Petitioner could point out that in the first paragraph of page 6 of the Memorandum, it clearly states that Petitioner asked each of State Habeas Courts to Grant Discovery of Documents that supported the issues raised and/or grant an Evidentiary Hearing on those matters. That Paragraph also states that each of the State Habeas Courts refused to grant discovery and an Evidentiary Hearing. Which according to Rumsfeld v. Padilla ((2004) 542 U.S. 246); Ortiz-Sandoval v. Gomez ((CA 9th Cir. 1996) 81 F.3rd 891, 895, n.3); and Anderson v. Harless ((1992) 459 U.S. 1, 6) as long as Petitioner raises the issue and presents it to the State Courts, giving them 'fair Opportunity" to follow controlling legal principles to the requests for discovery and evidentary hearing, the issue is exhausted.

According to Title 28 U.S.C. Section 2254(d)-(f), the Federal Courts cannot grant a writ of habeas corpus if the claims were

adjudicated on the merits in the state court nor can it hold an evidentiary hearing on the issues if the applicant does not meet the burden of proof outlined therein. The High Court and the Ninth Circuit Appellate Court stated the following:

> "(A)s the Supreme Court noted in Miller-El, the state court fact-finding process is undermined where the state court has before it, yet appearently ignores, evidence that supports petitioner's claim. Miller-El, 537 U.S. at 346, 123 S.Ct. 1029." Taylor v. Maddox (9th Cir. 2004) 366 F.3d 992, 1001. "Obviously, where the state court's legal error infects the fact-finding process, the resulting factual determination will be unreasonable and no presumption of correctness can attach to it." Taylor, supra, at pp. 1001.

The High Court held in Evens v. Chavis ((2006) ___ U.S. ___, 126 S.Ct. 846, ___) that in most cases for a state court's decision to be granted the presumption of correctness, and reasonable ness under the AEDPA and 28 U.S.C. Section 2254, an evidentary hearing by the state court must be held.

This is the bases for claim number 1. But in re-reading 2254, Petitioner believes that it could have been better stated in the petition and memorandum. The Petitioner has the burden to show that the State Habeas Courts' opions are not reasonable and thus overcome the presumption attached by law to it.

To resolve the error of being too brief in presenting claim 1, and to bring it closer in alignment to the requirements of section 2254, Petitioner hereby amends the petition and memorandum to bring it clearly on point. That the State Courts' opinion are unreasonable since the state turned a blind-eye to available evidence that would tend to support the petition, by refusing to grant discovery and/or hold an evidentary hearing . Even though Petitioner requested such in each and every level of State Habeas Review.

///

## CONCLUSION

Petitioner humbly and respectfully apologizes to the Honorable Court and It's Staff, that Petitioner's very limited knowledge and experience with the Judicial Process has caused this extra work and delay for the Court.

In accordance with the Court's order, an amended application is therefore enclosed.

Dated: 4/25/2008 _____

_____
Jose Ramirez-Salgado, C-11124

## VERIFICATION

I, Jose Ramirez-Salgado, Petitioner, hereby delares that the foregoing is true and correct to the best of my personal knowledge and belief, under the penality of perjury. Signed this 25 day of APRIL_____, 2008. At the Calipatria State Prison located at Calipatria, California, 92233-5002.

_____
Jose Ramirez-Salgado, C-11124
Calipatria State Prison
D2-233-L
P.O. Box 5002
Calipatria CA 92233-5002
Petitioner, in pro se.

///
///