EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
JULIE L. GARLAND
Senior Assistant Attorney General
HEATHER BUSHMAN
Supervising Deputy Attorney General
JACQUELINE MAI, State Bar No. 235224
Deputy Attorney General
 110 West A Street, Suite 1100
 San Diego, CA 92101
 P.O. Box 85266
 San Diego, CA 92186-5266
 Telephone: (619) 645-3199
 Fax: (619) 645-2581
 Email: Jacqueline.Mai@doj.ca.gov

Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE RAMIREZ-SALGADO,<br><br>        Petitioner,<br><br>   v.<br><br>LARRY E. SCRIBNER, WARDEN (A), ET AL.,<br><br>        Respondent. | 08-CV-0562 WQH (WMc)<br><br>**RESPONDENT'S REQUEST FOR STAY PENDING ISSUANCE OF THE MANDATE IN *HAYWARD*; ALTERNATIVE REQUEST FOR EXTENSION OF TIME TO SUBMIT HIS RESPONSIVE PLEADING TO PETITION FOR WRIT OF HABEAS CORPUS**<br><br>Judge:    The Honorable William McCurine, Jr. |

## INTRODUCTION

Inmate Jose Ramirez-Salgado filed a Petition for Writ of Habeas Corpus, contending that his due process rights were violated by the Board of Parole Hearings' (Board) 2005 decision

///

///

///

finding him unsuitable for parole. The Court ordered a response to the Petition.[1] Should Respondent reach the merits, as a threshold jurisdictional issue, Respondent would assert that Petitioner has no federally protected liberty interest in parole, and thus, no basis for obtaining federal habeas relief under 28 U.S.C. § 2254(a) (a federal Court may consider a state prisoner's petition "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States"). On May 16, 2008, the Ninth Circuit granted en banc review in *Hayward v. Marshall*, 512 F.3d 536 (9th Cir. 2008), *reh'g en banc granted*, __ F.3d __, No. 06-55392 (9th Cir. filed May 16, 2008).[2] The en banc court in *Hayward* may decide whether this Court has jurisdiction over this case, and the appropriate standard to be applied if there is jurisdiction. Therefore, Respondent requests this Court to stay all further proceedings in this matter, including the filing of Respondent's Motion to Dismiss and Answer, until the mandate in *Hayward* is issued. In the alternative, should the Court deny Respondent's stay request, Respondent respectfully requests a thirty-day extension of time from the date of the Court's denial to file a responsive pleading to the Petition for Writ of Habeas Corpus to allow Respondent a sufficient amount of time to analyze the claims advanced in the Petition and prepare a response. Attached is a declaration of Jacqueline Mai.

## ARGUMENT

### THE COURT SHOULD EXERCISE ITS DISCRETION AND STAY THIS MATTER PENDING ISSUANCE OF THE MANDATE IN *HAYWARD* BECAUSE BOTH THE BALANCE OF THE INTERESTS AND CONSIDERATIONS OF JUDICIAL ORDER AND ECONOMY FAVOR GRANTING A STAY.

A trial court has discretion to ensure the just and efficient determination of a case by staying it pending the resolution of other proceedings where a stay would be "efficient for [the court's] docket and the fairest course for the parties." *Leyva v. Certified Grocers of Cal.*, 593 F.2d 857, 863 (9th Cir. 1979). In determining whether to grant a stay, a court should consider the possible

---

1. The Motion to Dismiss the Petition is due on June 30, 2008, and the Answer is due on July 14, 2008.

2. Before the grant of the en banc rehearing, *Hayward* was published at 512 F.3d 536 (9th Cir. 2008). Argument will be heard on June 24, 2008.

damage that may result, the hardship or inequity that a party may suffer, and the orderly course of justice, in terms of simplifying or complicating the issues, proof, and questions of law, that could result from the issuance of a stay. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109, 1111 (9th Cir. 2005). A court should also take into account the existence of similar cases that are pending in the same district court, and the probability that more are likely to be filed. *Id.* Staying cases that are on the forefront of an issue provides a necessary delay, allowing for resolution of the issues and resulting in uniform treatment of like suits. *Id.*

The resolution of *Hayward* could significantly impact this case. Issuing a stay would prevent unfairness, serve the interests of judicial economy and result in the uniform treatment of similar cases. Therefore the Court should exercise its discretion and stay this matter pending the issuance of the mandate in *Hayward*.

**A. Moving Forward with this Case Before the Finality of *Hayward* Does Not Serve the Interest of Judicial Economy.**

Granting a stay in this case serves the interests of judicial order and economy. On May 16, 2008, the Ninth Circuit granted rehearing en banc in *Hayward*. (Ex. 1 - Order in *Hayward v. Marshall*, no. 06-55392.) At issue before the en banc panel in *Hayward* are two threshold issues which are necessary to the resolution of this case: 1) whether California has created a federally protected liberty interest in parole for life inmates, and 2) if a liberty interest is created, what process is due under clearly established Supreme Court authority. Resolution of these issues could establish that Petitioner does not have a federally protected liberty interest in parole, potentially allowing the Court to dismiss his due process claims for lack of jurisdiction without requiring briefing from the parties. Even if *Hayward* holds that federal courts have jurisdiction, *Hayward* may clarify the standard of judicial review, thus affecting the analysis applied to the merits of Petitioner's case. It would be wasteful to proceed in this case without the Ninth Circuit's holdings in *Hayward*, as the parties would need to brief issues that will be decided en banc and then submit supplemental briefing to apply the law as clarified in the en banc decision. The two rounds of pleadings may unnecessarily complicate the matters raised and would impair the orderly course of justice. Waiting for the resolution of *Hayward* would thus conserve the

1 Court resources, and prevent the Court from having to revisit this matter if *Hayward* is modified
2 or reversed.
3     A stay would also serve judicial order and economy by maintaining uniform treatment of
4 like suits, as once the law is settled it can be uniformly applied.  In many habeas petitions
5 challenging California parole decisions, the Ninth Circuit has sua sponte stayed submission of
6 the cases until the resolution of *Hayward*.  *See, e.g., Tolliver v. Carey*, no. 07-15347; *Boatman v.
7 Brown*, no. 05-16199; *Smiley v. Hernandez*, no. 06-55727; *Valdivia v. Brown*, no. 08-15650;
8 *Johnson v. Newland*, no. 04-16712; *Varner v. Brown*, no. 05-16029; *Johnson v. Finn*, no. 06-
9 17042; *Clark v. Shepherd*, no. 06-55065; *Cooke v. Solis*, no. 06-15444.  Courts have granted
10 Respondent's request to stay proceedings until the resolution of *Hayward* in other cases.  *See
11 e.g., Alvarez v. Davison*, no. 06-56678 (9th Cir.); *Owen v. Vaughn*, 07-56747 (9th Cir.); *Davis v.
12 Marshall*, no. EDCV 08-1513-DDP (JCR) (C.D. Cal.); *Breatlove v. Curry*, no. CV 08-1620 GPS
13 (AJW) (C.D. Cal.); *Pacheco v. Davison*, no. CV 08-03019-SJO (JTL) (C.D. Cal.).  Granting a
14 stay would therefore conserve judicial resources and serve the Court's interest in orderly
15 managing these proceedings.
16 **B.    A Stay Would Not Unfairly Delay Petitioner in Pursuing His Claims.**
17     A stay of this case at the district level would not unfairly impose any additional or otherwise
18 avoidable hardship on Petitioner.  As discussed above, if the parties proceed in this case final
19 resolutiono would be delayed because additional briefing will likely be needed after the decision
20 in *Hayward*.  Also, even if this Court decides this case before *Hayward*, it is likely the losing
21 party will file an appeal, and that appeal may be delayed pending resolution of *Hayward*.  (*See*
22 Arg. A.)

### CONCLUSION

24 When the equities are balanced, the parties' interests and the interests of judicial economy
25 support staying this case pending the final resolution of *Hayward*.  Staying this case until
26 challenges to *Hayward* are resolved and that decision becomes final promotes the orderly
27 resolution of this matter, and will assist in maintaining uniformity of like suits pending before
28 this Court and similar cases that will be filed in the future.  Respondent therefore requests that

the Court exercise its discretion to stay this matter pending issuance of the mandate in *Hayward*. In the alternative, should the Court deny the stay request, Respondent respectfully requests the Court grant a thirty-day extension of time from the date of the denial to file his responsive pleading to allow Respondent a sufficient amount of time to analyze the claims advanced in the Petition and prepare a proper response.

Dated: June 30, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

JULIE L. GARLAND
Senior Assistant Attorney General

HEATHER BUSHMAN
Supervising Deputy Attorney General


*/s/ Jacqueline Mai*
JACQUELINE MAI
Deputy Attorney General
Attorneys for Respondent

70128868.wpd
SD2008801441

## CERTIFICATE OF SERVICE BY U.S. MAIL

Case Name:   **Ramirez-Salgado v. Scribner**

Case No.:    **08-CV-0562 WQH (WMc)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On <u>June 30, 2008</u>, I served the following documents:

**RESPONDENT'S REQUEST FOR STAY PENDING ISSUANCE OF THE MANDATE IN *HAYWARD*; ALTERNATIVE REQUEST FOR EXTENSION OF TIME TO SUBMIT HIS RESPONSIVE PLEADING TO PETITION FOR WRIT OF HABEAS CORPUS**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 110 West A Street, Suite 1100, P.O. Box 85266, San Diego, CA 92186-5266.

## Manual Notice List

The following are those who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing):

Jose Ramirez-Salgado, CDCR #C11124
Calipatria State Prison
P.O. Box 5001
Calipatria, CA 92233-5001

*In Pro Per*
*CDC #C11124*

## Electronic Mail Notice List

I have caused the above-mentioned document(s) to be electronically served on the following person(s), who are currently on the list to receive e-mail notices for this case:

**NONE**

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on June 30, 2008, at San Diego, California.

| C. Valdivia | *C. Valdivia* (signature) |
|---|---|
| Declarant | Signature |

SD2008801441
70128899.wpd