1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  JULIE L. GARLAND
   Senior Assistant Attorney General
4  JESSICA N. BLONIEN
   Supervising Deputy Attorney General
5  JACQUELINE MAI, State Bar No. 235224
   Deputy Attorney General
6   110 West A Street, Suite 1100
   San Diego, CA 92101
7  P.O. Box 85266
   San Diego, CA 92186-5266
8  Telephone: (619) 645-3199
   Fax: (619) 645-2581
9  Email: Jacqueline.Mai@doj.ca.gov

10 Attorneys for Respondent

11

12              IN THE UNITED STATES DISTRICT COURT

13          FOR THE SOUTHERN DISTRICT OF CALIFORNIA

14

15 **JOSE RAMIREZ-SALGADO,**              08-CV-0562 WQH (WMc)

16                         Petitioner,    **NOTICE OF MOTION AND
                                          MOTION TO DISMISS;**
17              v.                        **MEMORANDUM OF POINTS AND
                                          AUTHORITIES**
18 **LARRY E. SCRIBNER, WARDEN (A), ET
   AL.,**                                 Judge:      The Honorable
19                                                    William McCurine,
                         Respondent.                 Jr.
20

21     TO PETITIONER JOSE RAMIREZ-SALGADO, IN PRO PER:

22     PLEASE TAKE NOTICE that Respondent Larry Small,[1/] Acting Warden of the Calipatria

23 State Prison, moves this Court to dismiss the Petition for Writ of Habeas Corpus pursuant to 28

24 U.S.C. § 2244(d)(1) and Rule 4 of the Federal Rules Governing Habeas Cases, on the ground that

25 the petition is barred by the statute of limitations.  This motion is based on the notice and motion,

26 _____

27     1.  The proper named respondent in this action is Larry Small, the Acting Warden at
   Calipatria State Prison, where Ramirez-Salgado is incarcerated.  *Stanley v. California Supreme*
28 *Court*, 21 F.3d 359, 360 (9th Cir. 1994) (holding that the warden where petitioner is incarcerated is
   the proper respondent); Rule 2(a), 28 U.S.C. § 2254.

1  the supporting memorandum of points and authorities, the Court records in this action, and other

2  such matters properly before this Court.  Pursuant to Local Rule 7.1(d)(2)(a), Respondent

3  submits that this motion be submitted without a hearing.

4          Dated:  August 29, 2008

5                              Respectfully submitted,

6                              EDMUND G. BROWN JR.
                               Attorney General of the State of California

7                              DANE R. GILLETTE
                               Chief Assistant Attorney General
8
                               JULIE L. GARLAND
9                              Senior Assistant Attorney General

10                             JESSICA N. BLONIEN
                               Supervising Deputy Attorney General

11
                               /s/ Jacqueline Mai
12
                               JACQUELINE MAI
13                             Deputy Attorney General
                               Attorneys for Respondent
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## INTRODUCTION

3    Petitioner Jose Ramirez-Salgado is an inmate at the Calipatria State Prison, currently

4    serving a fifteen year to life sentence in prison for second degree murder, plus a four year

5    enhancement for use of a firearm.  Petitioner alleges the Board of Parole Hearings (Board)

6    unconstitutionally denied him parole at his 2005 subsequent parole consideration hearing.

7    However, Petitioner failed to file his claim within the one year statute of limitations provided in

8    28 U.S.C. § 2244(d)(1).  Accordingly, Respondent moves to dismiss the petition as untimely.

9

## LEGAL STANDARD

10    When presented with a petition for writ of habeas corpus, district court judges may order the

11    respondent to file an answer, motion, or "take such other action as the judge deems appropriate."

12    Federal Rules Governing Habeas Cases, Rule 4.  This rule is designed to afford judges flexibility

13    in cases where either dismissal or an order to answer would be inappropriate.  Federal Rules

14    Governing Habeas Cases, Rule 4, Advisory Committee's Notes.  Specifically, judges may

15    authorize a respondent to make a motion to dismiss in order to "avoid burdening the respondent

16    with the necessity of filing an answer on the substantive merits of the petition."  *Id*.; *see also*

17    *Lonchar v. Thomas*, 517 U.S. 314, 324, 116 S. Ct. 1293, 134 L. Ed. 2d 440 (1996) (recognizing

18    as proper a motion to dismiss federal habeas petition for failure to exhaust state remedies).

19

## ARGUMENT

20

21

**THE PETITION MUST BE DISMISSED BECAUSE IT IS TIME-BARRED BY THE
ONE YEAR PERIOD OF LIMITATIONS SET FORTH IN 28 U.S.C. § 2244(d)**.

22    The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides that a "1-

23    year period of limitation shall apply to an application for writ of habeas corpus by a person in

24    custody pursuant to the judgment of a state court."  28 U.S.C. § 2244(d)(1).  The limitation

25    period begins to run from "the date on which the factual predicate of the claim or claims

26    presented could have been discovered through the exercise of due diligence."  *Id*. at (d)(1)(D).

27    Once the limitations period begins to run, it may be tolled during the pendency of a "properly

28    filed application for State post-conviction or other collateral review with respect to the pertinent

1  judgment or claim." 28 U.S.C. § 2244(d)(2).  An application is "pending" from the time a

2  petitioner files his first application for state court review, until he receives a decision on his final

3  application for state court review.  *Carey v. Saffold*, 536 U.S. 214, 217-20, 122 S. Ct. 2134, 153

4  L. Ed. 2d 260 (2002).  Thus, tolling of a federal petition during the pendency of state petitions

5  generally includes the interval between the dismissal of one state application and the filing of the

6  next.

7         However, applications must be timely filed, or filed within a "reasonable time," to be

8  considered pending.  *Saffold*, 536 U.S. at 217-21; *Evans v. Chavis*, 546 U.S. 189, 126 S. Ct. 846,

9  849, 163 L. Ed. 2d 684 (2002).  The United States Supreme Court explained in *Chavis* that it

10 previously "held that timely filings in California (as elsewhere) fell within the federal tolling

11 provision on the assumption that California law . . . did not differ significantly from other States,

12 i.e., that California's 'reasonable time' standard would not lead to filing delays substantially

13 longer than those in States with determinate timeliness rules."  *Chavis*, 546 U.S. at 199-201.

14 *Chavis* found that an "unexplained" and "unjustified" delay of six months, which was "far longer

15 than the 'short period[s] of time, 30 to 60 days, that most States provide for filing an appeal," and

16 longer than the ten-day period to file an appeal to the California Supreme Court, is unreasonable.

17 *Id.* at 201.

18 **A.    The Federal Petition Was Untimely.**

19        Here, the Board's decision to deny parole is the factual predicate from which the AEDPA

20 limitations period runs.  Petitioner was present at the hearing when the decision was announced

21 on November 1, 2005.  (Lodg. 1 - Nov. 1, 2005 Cal. Bd. of Parole Hr'g Decision at 1, 4.)[2/]

22 Accordingly, the statute of limitations began to run as early as November 2, 2005.  In the

23 alternative, the statute of limitations period began to run the day after Board's decision became

24 final on March 2, 2006.  (Cal. Pen. Code § 3041(b) (the Board has 120 days to review its

25 decision before it becomes final.)  As set forth below, even if the statute of limitations period

26 began to run from the later date of March 2, 2006, the Petition was filed after the one-year statute

27

28 ─────────────────────────────────────────────

        2.  All lodgments are attached to the Notice of Lodgment filed concurrently.

of limitations period had already expired.[3/]  Petitioner's federal petition was signed 786 days later on April 25, 2008.[4/]  As will be set forth below, accounting for statutory tolling, the Petition was filed 73 days after the statute of limitations had expired.

Petitioner filed his habeas corpus petition with the state superior court on February 5, 2006, before the Board's decision was final on March 1, 2006.[5/]  (Lodg. 1 at 1, 4; Lodg.  2 - San Diego County Super. Ct. Pet.)  Petitioner is entitled to statutory tolling for the period between the filing of his state superior court petition and the court's decision.  Petitioner's state petition was filed on February 5, 2006, and the court denied the petition on April 11, 2006.  (Lodg. 3 - San Diego County Super. Ct. Order.)   Thus, Petitioner is entitled to 66 days of tolling.

Statutory tolling does not apply to the 64 day delay between the state superior court's denial of Petitioner's state petition on April 11, 2006 and the filing, taken from the date of signing,[6/] of his petition in the state court of appeal on June 15, 2006.  (Lodg. 3; Lodg. 4 - Cal. Ct. App. Pet.)  The 64 day delay exceeds the 'short period[s] of time, 30 to 60 days, that most States provide for filing an appeal." *Chavis*, 546 U.S. at 201.  Therefore this unexplained and unjustified delay of 64 days is unreasonable, meaning that the application was not pending and the statute of limitations should not be tolled.  *Id.*

---

3.  Assuming the statute of limitations period began to run from the date of the Board's decision, Petitioner filed his federal petition 192 days after the limitations period had expired. *See* discussion *infra* (905 total days ran since the Board's decision and the filing of this Petition, minus 348 days of tolling, minus the 365-day statute of limitations period equals 192 days).  However, Respondent will calculate the statute of limitations period from the date the Board's decision became final, to illustrate that even under a more favorable application of 28 U.S.C. § 2244(d)(1)(D), the Petition is time-barred.

4.  Under the prison mailbox rule, "a prisoner's federal habeas petition should be considered to have been filed when he gave it to prison authorities for mailing." *Jenkins v. Johnson*, 330 F.3d 1146, 1149 n.2 (9th Cir. 2003).  However, the Petition does not include a proof of service showing the date of delivery to prison officials, and therefore, Respondent will calculate the statute of limitations period from date of signing.  (*See* Pet.)

5.  Respondent calculates the date of filing from the proof of service showing delivery of Petitioner's state court petition. *See* accompanying text and case cited *supra* note 4.

6.  Respondent has no copy of a proof of service showing delivery of Petitioner's state court of appeal petition, and therefore, calculates the date of filing from the date Petitioner signed the petition. *See* accompanying text and case cited *supra* note 4.  (*See* Lodg. 4.)

1      Petitioner is entitled to statutory tolling for the period between the filing of his state court

2  of appeal petition, signed on June 15, 2006, and the court of appeal's denial on September 15,

3  2006. (Cal. Ct. R. 8.264(b)(2)(A) (original writ decision final upon filing); Lodg. 4; Lodg. 5 -

4  Cal. Ct. App. Order.) Thus, Petitioner is entitled to 93 days of tolling.

5      Statutory tolling does not apply to the 61 day delay between the state court of appeal's

6  denial of the petition on September 15, 2006, and the filing of Petitioner's California Supreme

7  Court petition, signed on November 16, 2006.[7/] (Lodg. 5; Lodg. 6 - Cal. Sup. Ct. Pet.) This

8  unexplained and unjustified delay of 61 days is unreasonable, meaning that the application was

9  not pending and the statute of limitations should not be tolled. *Chavis*, 546 U.S. at 201.

10      Petitioner is entitled to statutory tolling for the period between the filing of his state

11  supreme court petition, signed on November 16, 2006, and the supreme court's denial on May

12  23, 2007. *(*Cal. Ct. R. 8.264(b)(2)(A) (finality); Lodg. 6; Lodg. 7 - Cal. Sup. Ct. Order.) Thus,

13  Petitioner is entitled to 189 days of tolling.

14      Petitioner is not entitled to tolling from May 23, 2007, the date of the state supreme

15  court's denial, and the date Petitioner filed his federal habeas corpus petition, signed on April 25,

16  2008.[8/] (Cal. Ct. R. 8.264(b)(2)(A) [finality]; *Saffold*, 536 U.S. at 217-20 (any tolling ends at the

17  date of the state supreme court's decision); Lodg. 8 - First Amended Fed. Pet.) Even though

18  Petitioner signed a federal petition on March 27, 2008, Petitioner is not entitled to tolling because

19  it was not a properly filed application.[9/] (28 U.S.C. § 2244(d)(2); Lodg. 9 - Fed. Pet.) This Court

20  dismissed the Petition for failure to name a proper respondent and failure to allege exhaustion of

21  state judicial remedies as to all claims. (Lodg. 10 - S.D. Cal. Order, Apr. 3, 2008.)

22

23      7. Respondent has no copy of a proof of service showing delivery of Petitioner's state
supreme court petition and therefore, calculates the date of filing from the date Petitioner signed the
24  petition. *See* accompanying text and case cited *supra* note 4. (*See* Lodg. 6.)

25      8. Respondent has no copy of a proof of service showing delivery of Petitioner's first
amended federal petition and therefore, calculates the date of filing from the date Petitioner signed
26  the petition. *See* accompanying text and case cited *supra* note 4. (*See* Lodg. 8.)

27      9. Respondent has no copy of a proof of service showing delivery of Petitioner's federal
28  petition and therefore, calculates the date of filing from the date Petitioner signed the petition. *See*
accompanying text and case cited *supra* note 4. (*See* Lodg. 9.)

1    In total for the 786 day period, between the date of finality of the Board's decision and

2  the filing of the federal petition, Petitioner is entitled to a total of 348 days of tolling. Accounting

3  for statutory tolling and 365 days under AEDPA, the Petition was filed 73 days after the statute

4  of limitations had expired.[10/]

5    **B.    Equitable Tolling Does Not Apply To The Petition.**

6    In very rare cases, the one-year statute of limitations for filing a federal habeas petition

7  may be equitably tolled if "extraordinary circumstances make it impossible to file a petition on

8  time." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).  The burden is on the petitioner to

9  prove that "extraordinary circumstances were the cause of his untimeliness." *Stillman v.*

10  *LaMarque*, 319 F.3d 1199, 1203 (9th Cir. 2003).  Equitable tolling "is justified in few cases,"

11  and "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the

12  exceptions swallow the rule." *Spitsyn*, 345 F.3d at 799 (citing *Miranda v. Castro*, 292 F.3d

13  1063, 1066 (9th Cir. 2002)) (internal quotation marks omitted).  Equitable tolling "is justified in

14  few cases," and "the threshold necessary to trigger equitable tolling [under AEDPA] is very high,

15  lest the exceptions swallow the rule." *Spitsyn*, 345 F.3d at 799 (citing *Miranda v. Castro*, 292

16  F.3d 1063, 1066 (9th Cir. 2002)) (internal quotation marks omitted).  Specifically, a pro se

17  petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting

18  equitable tolling.  *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).  Here, Petitioner

19  makes no attempt to explain why his petition was filed more than two months past the AEDPA

20  deadline.  Accordingly, he is not entitled to equitable tolling, and the petition must be dismissed

21  as untimely.

22  ///

23  ///

24  ///

25  ///

26  ///

27

28    10.  786 days minus 348 days of tolling equals 438 days; 438 days minus the 365-day statute
of limitations period is 73 days.

1

**CONCLUSION**

2     The Petition is barred by the AEDPA statute of limitations. Accordingly, the Petition

3   should be dismissed with prejudice.

4               Dated: August 29, 2008

5                               Respectfully submitted,

6                               EDMUND G. BROWN JR.
                                Attorney General of the State of California
7
                                DANE R. GILLETTE
8                               Chief Assistant Attorney General

                                JULIE L. GARLAND
9                               Senior Assistant Attorney General

10                              JESSICA N. BLONIEN
                                Supervising Deputy Attorney General
11
                                /s/ Jacqueline Mai
12
                                JACQUELINE MAI
13                              Deputy Attorney General
                                Attorneys for Respondent
14
      JM/scb
15    70134831.wpd
      SD2008801441
16

17

18

19

20

21

22

23

24

25

26

27

28

1

2                    **DECLARATION OF SERVICE BY U.S. MAIL**

3  Case Name:    **Ramirez-Salgado v. Scribner**

4  No.:          **08-CV-0562 WQH (WMc)**

5  I declare:

6  I am employed in the Office of the Attorney General, which is the office of a member of the
   California State Bar, at which member's direction this service is made.  I am 18 years of age or
7  older and not a party to this matter.  I am familiar with the business practice at the Office of the
   Attorney General for collection and processing of correspondence for mailing with the United
8  States Postal Service.  In accordance with that practice, correspondence placed in the internal
   mail collection system at the Office of the Attorney General is deposited with the United States
9  Postal Service that same day in the ordinary course of business.

10 On August 29, 2008, I served the attached **NOTICE OF MOTION AND MOTION TO
   DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES** by placing a true copy
11 thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail
   collection system at the Office of the Attorney General at 110 West A Street, Suite 1100, P.O.
12 Box 85266, San Diego, CA  92186-5266, addressed as follows:

13 JOSE RAMIREZ-SALGADO
   CDC #C11124
14 CALIPATRIA STATE PRISON
   P.O. BOX 5001
15 CALIPATRIA, CA  92233-5001

16 IN PRO PER

17
   I declare under penalty of perjury under the laws of the State of California the foregoing is true
18 and correct and that this declaration was executed on August 29, 2008, at San Diego, California.

19
            S. Banks
20 _____          _____
            Declarant                            Signature
21
   70135093.wpd
22

23

24

25

26

27

28