1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE RAMIREZ-SALGADO, | CASE NO. 08cv562-WQH (WMc) |
| Petitioner, | REPORT AND RECOMMENDATION REGARDING DEFENDANTS' MOTION TO DISMISS PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. 2254 |
| vs. | |
| LARRY E SCRIBNER, Warden, | |
| Respondent. | |

## I. Introduction

Petitioner Jose Ramirez-Salgado, a state inmate proceeding *pro se*, challenges the California Board of Parole Hearings decision to deny Petitioner parole with a federal Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. §2254.  Respondent has submitted a Motion to Dismiss the Petition ("Mot. to Dismiss"; Doc. No. 8) and moves this court to dismiss the petition as time barred under 28 U.S.C. §2244(d)(1).  Petitioner has submitted an Opposition to Respondent's Motion to Dismiss ("Opp. to Mot. to Dismiss"; Doc. 10).

This Report and Recommendation is submitted to United States District Judge William Q. Hayes, pursuant to 28 U.S.C. §636(b)(1) and Local Civil Rule HC.2 of the United States District Court for the Southern District of California.

Based upon the documents presently before the Court and for the reasons stated below, the Court **RECOMMENDS** that Respondent's Motion to Dismiss be **DENIED**.

1

## II. **Statement of Facts**

2      Petitioner is in custody at the Calipatria State Prison serving a fifteen year to life sentence,

3  resulting from a guilty plea, for second degree murder, plus a four year enhancement for the use of

4  a firearm.

5      On November 1, 2005, the California Board of Parole issued their decision concluding

6  Petitioner was ineligible for Parole.  (Lodgment 1).

7      On February 5, 2006, Petitioner filed[1] a Petition for Writ of Habeas Corpus with the

8  Superior Court of California for San Diego County.  (Lodgment 2).

9      On March 1, 2006, the decision of the California Board of Parol denying Petitioner parole

10  became effective under CAL. PEN. CODE §3041(b).  (Lodgment 1 at 4).

11      On April 11, 2006, sixty-six (66) days after the date of filing, the Superior Court of

12  California issued its decision denying Petitioner habeas relief.  (Lodgment 3).

13      On June 15, 2006, sixty-four (64) days later[2], Petitioner filed a Petition for Writ of Habeas

14  Corpus with the California Court of Appeal, Fourth District.  (Lodgment 4).

15      On September 15, 2006, ninety-three (93) days after the date of filing, the California Court

16  of Appeal issued its decision denying Petitioner Habeas relief.  (Lodgment 5).

17      On November 16, 2006[3], sixty-one (61) days after later[4], Petitioner filed a Petition for Writ

18  of Habeas Corpus with the Supreme Court of California.  (Lodgment 6).

19

20      [1]Unless otherwise indicated, the dates assigned to the date of filing for Petitioner is determined under the "prison mailbox rule," which provides that the date of filing for a *pro se* prisoner's Petition for Habeas Corpus shall be the date on which the prisoner gave the petition to prison officials for

21  mailing.  *Jenkins v. Johnson*, 330 F.3d 1146, 1149, fn. 2 (9th Cir. 2003); *Houston v. Lack*, 487 U.S. 266, 270-271 (1988).  As such, the court will rely on the "Proof of Service by Mail" to determine the

22  date of filing.

23      [2]The sixty-four (64) day count spans from the day after the date of the prior court's decision (April 12, 2006) to the day prior to the date of filing of the appeal (June 14, 2006), inclusive.

24

25      [3]The court's copy of the Lodgements does not contain a proof of service by mail for Petitioner's appeal to the CA Supreme Court.  Additionally, the signature and date line on the court's copy of the petition is unreadable.  Therefore, in assigning this date, the Court will rely on the

26  November 16, 2006 date shown in both Respondent's Motion to Dismiss (pg. 6) and Petitioner's Opposition (pg. 5).

27

28      [4]The sixty-one (61) day count spans from the day after the date of the prior court's decision (September 16, 2006) to the day prior to the date of filing of the appeal (November 15, 2006), inclusive.

1    On May 23, 2007, one hundred eighty-nine (189) days after the date of filing, the Supreme

2  Court of California issued its decision denying Petitioner Habeas relief.  (Lodgment 7).

3    On March 25, 2008[5], three hundred six (306) days later[6], Petitioner filed his first Petition

4  for Writ of Habeas Corpus with the United States District Court for the Southern District of

5  California.  (Lodgment 9).

6    On April 3, 2008, the United States District Court for the Southern District of California

7  dismissed the petition without prejudice and with leave to amend.  (Lodgment 10).

8    On April 25, 2008, Petitioner filed his Amended Petition for Writ of Habeas Corpus with

9  the United States District Court for the Southern District of California.  (Lodgment 8).

10    On August 29, 2008, Respondent filed a Motion to Dismiss with a Memorandum of Points

11  and Authorities in Support Thereof (Mot. to Dismiss) and a Notice of Lodgments in Support

12  Thereof (Lodgment) alleging Petitioner's claims are barred under the one (1) year statute of

13  limitations set by 28 U.S.C. §2244(d)(1).

14    On September 28, 2008, Petitioner filed an Opposition to Respondent's Motion to Dismiss

15  (Opp. to Mot. to Dismiss) alleging the petition is not untimely since he is entitled to tolling of the

16  period beginning with the date of filing his initial petition in state court and ending on the date of

17  the state supreme court's denial of relief.

18                           **III.  Summary of Claims**

19    In his Motion to Dismiss, filed August 29, 2008, Respondent asserts the Petition for Writ

20  of Habeas Corpus is barred by the applicable one (1) year statute of limitations set in 28 U.S.C.

21  §2244(d)(1).  (Mot. to Dismiss).  Respondent concedes Petitioner is entitled to statutory tolling

22  during the periods in which review was pending, but Respondent asserts Petitioner is not entitled

23  to tolling for the periods following the decision of one court up to the filing of a subsequent

24  petition in the next court as the delay was unreasonable.  (Mot. to Dismiss at 4-7).  Respondent's

25  _____

26  [5]The petition was stamped by the Clerk of the District Court on March 25, 2008, but dated as signed, by Petitioner, on March 27, 2008.  In order to resolve this discrepancy in the light most favorable to the non-moving party in a motion to dismiss, the court will assign the clerk's time stamp
27  date as the date of filing of this petition.

28  [6]The three hundred six (306) day count spans from the day after the date of the prior court's decision (May 24, 2007) to the day prior to the date of filing of the appeal (March 24, 2008), inclusive.

1  calculation of the total time begins the day after the decision of parole board became final (March

2  2, 2006) to the date of filing of the federal habeas petition (April 25, 2008).  (Mot. to Dismiss at

3  7).  Under Respondent's calculations, this period totals seven hundred eighty-six (786) days.

4  (Mot. to Dismiss at 7).  Of that time period, Respondent concedes Petitioner is entitled to tolling of

5  three hundred forty-eight (348) days for periods during which Petitioner's various petitions for

6  review were pending decision in the courts[7].  (Mot. to Dismiss at 4-7).

7       Further, Respondent argues the Amended Petition does not relate back to the filing date of

8  the original petition in federal court since the original petition was dismissed and is therefore not a

9  properly filed application.  (Mot. to Dismiss at 6).  Consequently, Respondent contends the

10  relevant date for determining whether Petitioner timely filed his petition in federal court is the

11  filing date of the Amended Petition.  (Mot. to Dismiss at 6).  Under Respondent's calculations, the

12  Petition for Writ of Habeas Corpus is seventy-three (73) days over the statutorily mandated

13  limitations period of three hundred sixty-five (365) days.  (Mot. to Dismiss at 7).

14       In his Opposition to Respondent's Motion to Dismiss, Petitioner asserts that the Petition

15  for Writ of Habeas Corpus is not time-barred since he is entitled to tolling for the entire period

16  beginning with the filing of his first petition with the state superior court and ending with the state

17  supreme court's denial.  (Opp. to Mot. to Dismiss).  Specifically, Petitioner alleges each

18  successive petition was timely filed under California state law, thereby entitling him to the benefit

19  of tolling those gap periods.  (Opp. to Mot. to Dismiss at 5-6).  Under California's "reasonable

20  time" standard, Petitioner alleges his successive applications were timely filed since prison lock-

21  down periods denied him access to the law library.  (Opp. to Mot. to Dismiss at 6).  Petitioner

22  asserts that lock-down periods from November 1, 2005 to November 18, 2005, March 21, 2006 to

23  May 15, 2006, and October 3, 2006 to October 19, 2006, prevented him from filing his various

24  applications for review earlier.  Therefore, each application was timely filed.  (Opp. to Mot. to

25  Dismiss at 6, Exh. 3).  As such, Petitioner asserts his Petition for Writ of Habeas Corpus has been

26

27       [7]Sixty-six (66) days while the petition was pending in state superior court plus ninety-three
(93) days while the petition was pending in state appellate court plus one hundred eighty nine (189)

28  days while the petition was pending in state supreme court equals three hundred forty-eight days of
tolling.  (Mot. to Dismiss at 5-6).

1  timely filed[8].  (Opp. to Mot. to Dismiss).

2  **IV.  Standard of Review**

3  The applicable statute of limitations is set forth in 28 U.S.C. §2244(d) as follows:

4  **(1) A 1-year period of limitation shall apply to an application for a writ of**

5  **habeas corpus by a person in custody pursuant to the judgment of a State**

6  **court.  The limitation period shall run from the latest of–**

7  **(A) the date on which judgment became final by the conclusion of**

8  **direct review or the expiration of the time for seeking such review;**

9  **(B) the date on which the impediment to filing an application created**

10  **by State action in violation of the Constitution or laws of the United**

11  **States is removed, if the applicant was prevented from filing by such**

12  **State action;**

13  **(C) the date on which the constitutional right asserted was initially**

14  **recognized by the Supreme Court, if the right has been newly**

15  **recognized by the Supreme Court and made retroactively applicable**

16  **to cases on collateral review; or**

17  **(D) the date on which the factual predicate of the claim or claims**

18  **presented could have been discovered through the exercise of due**

19  **diligence.**

20  **(2) The time during which a properly filed application for State**

21  **post-conviction or other collateral review with respect to the pertinent**

22  **judgment or claim is pending shall not be counted toward any period of**

23

24  [8]Under Petitioner's view, Petitioner would be entitled to tolling beginning the date of filing his first habeas petition in state superior court and ending on the date of the decision by the state

25  supreme court.  This totals four hundred seventy-three (473) days.  Of those days, twenty-five (25) would not be applicable since Petitioner filed his state superior court petition prior to the running of

26  the statute of limitations beginning March 2, 2005 (the day after the decision of the Parole Board became final). Assuming that the date of filing for petitioner's amended petition does not relate back

27  to the filing date of his original petition, the total time between the finalization of the judgment to the date of filing for the amended petition is seven hundred eighty-six days (786).  In spite of the

28  foregoing, under Petitioner's view the petition in federal court would be timely as it was filed twenty-seven (27) days before the expiration of the statute of limitations.

1   **limitation under this subsection.**

2   Moreover, when the decision of an administrative body, such as a parole board, forms the

3   basis for a petition for a writ of habeas corpus, the date of that decision will form the factual

4   predicate of the claim such that the one (1) year statute of limitations begins to run the day after

5   that decision.  28 U.S.C. §2244(d)(1)(D); *Redd v. McGrath*, 343 F.3d 1077, 1082 (9th Cir. 2003).

6   However, "[t]his limitations period is tolled while a state prisoner seeks post conviction relief in

7   state court." *Lawrence v. Florida*, 127 S.Ct. 1079, 1082 (2007).

8   For purposes of statutory tolling under 28 U.S.C. §2244(d)(2), a claim is considered

9   "pending" from the period in which the first petition for habeas relief is filed in the lower state

10  court and ending with the decision rendered by the state supreme court.  *Carey v. Saffold*, 536 U.S.

11  214, 217-21 (2002).  Generally, this period will include those periods between the decision of one

12  court and the filing of the petition at the next higher court as long as the subsequent petition is

13  timely filed.  *Id.*  Under California standards, the timeliness of the filing of a subsequent petition

14  will depend on whether that petition was filed within a *reasonable* time following the decision of

15  the prior court.  *Id.* at 221; *Evans v. Chavis*, 546 U.S. 189, 190 (2006).  Those delays which are

16  unexplained and unjustified will be held to be unreasonable.  *Saffold*, 536 U.S. at 222-23; *see also*

17  *Chavis*, 546 U.S. at 199-201 (holding that, out of a three year and one month period between state

18  appellate court decision and state supreme court filing, an unexplained delay of six months where

19  petitioner admitted to having normal access to law library was unreasonable); *Culver v. Dir. of*

20  *Corr.*, 450 F. Supp. 2d 1135, 1140-1141 (C.D. Cal. 2006) (finding unexplained delays of seventy-

21  one and ninety-seven days between petitions was unreasonable, thereby precluding statutory

22  tolling).  In the absence of a clear ruling by the California Supreme Court as to what constitutes an

23  unreasonable delay, the federal courts must determine, on a case-by-case basis, whether the subject

24  delay would be considered unreasonable by California Courts. *Chavis*, 546 U.S. at 198.

25  Additionally, the statute of limitations may be equitably tolled.  *Calderon v. United States*

26  *Dist. Court*, 128 F.3d 1283, 1288 (9th Cir. 1997).  In order to benefit from equitable tolling, the

27  party seeking it must demonstrate that he has been pursuing his rights diligently and some

28  extraordinary circumstance has interfered with his ability to timely file.  *Pace v. DiGuiliemo*, 544

- 6 -                                    08cv562-WQH (WMc)

1  U.S. 408, 418 (2005).  This determination will be highly fact-dependent.  *Whalem/Hunt v. Early*,

2  233 F.3d 1146, 1148 (9th Cir. 2000).  Extraordinary circumstances *beyond* a prisoner's control

3  must exist for equitable tolling to be considered.  *Malcom v. Payne*, 281 F.3d 951, 962 (9th Cir.

4  2002).

5                                          **VI.  Discussion**

6              **A. Statute of limitations begins to run March 2, 2006**

7              The decision of the Parole Board to deny Petitioner parole was issued on November 1,

8  2005.  (Lodgment 1).  The decision became final on March 1, 2006.  (Lodgment 1 at 30[9]).  Some

9  time after December 4, 2005 (the date the Parole Board Hearing was transcribed (Lodgment 1 at

10  31)), Petitioner received a copy of the transcript[10].  The copy which was provided to Petitioner

11  read: "PAROLE DENIED FIVE YEARS.  THIS DECISION WILL BE FINAL ON: Mar. 1, 2006.

12  YOU WILL BE PROMPTLY NOTIFIED IF, PRIOR TO THAT DATE, THE DECISION IS

13  MODIFIED."  (Lodgment 1 at 30).  Consequently, Petitioner reasonably relied on this document

14  to determine that the Parole Board's decision was not final until March 1, 2006.  The Court finds

15  the statute of limitations in this matter began to run on March 2, 2006 and expired March 2, 2007,

16  absent any applicable statutory or equitable tolling.

17              **B. Petitioner's state court collateral review**

18                  **1) State superior court review**

19              Notwithstanding the Court's determination that the statute of limitations did not begin to

20  run until March 2, 2006, on February 5, 2006, twenty-five (25) days *before* finalization of the

21  Parole Board's decision, Petitioner had already filed a petition for habeas corpus in state superior

22  court.  (Lodgment 2).  Therefore, Petitioner is entitled to statutory tolling until the decision of the

23  state superior court was rendered on April 11, 2006.  (Lodgment 3).  Although the total time spent

24  in state superior court was sixty-six (66) days, the Court finds statutory tolling applies to forty-one

25  (41) days because the statute of limitations did not begin to accrue until those last forty-one (41)

26  _____

27      [9]The pagination referred to is the pagination of the actual transcript.  The Lodgment provided to the court only contains the "DECISION" excerpt of the entire transcript of the proceedings.

28      [10]Petitioner asserts he received the transcript on January 15, 2006.  (Opp. to Mot. to Dismiss at 5).

1   days of the state superior court proceedings. 28 U.S.C. §2244(d)(2).

2   **2) State appellate court review**

3   On June 15, 2006, sixty-four (64) days later, Petitioner filed a petition for habeas corpus in

4   state appellate court.  (Lodgment 4).   The Court is satisfied the delay was reasonable, in

5   accordance with *Chavis*. 546 U.S. at 189 (holding in the absence of a clear ruling by the California

6   Supreme Court defining "reasonable time" in the context of a state habeas petition filing, the

7   federal courts must consider on a case by case basis how California courts would rule on the issue

8   of timeliness for purposes of statute of limitations analysis for federal habeas petitions).

9   Specifically, Petitioner is entitled to 30 days of  statutory tolling and 34 days of equitable tolling of

10  this interstitial period.

11  Petitioner argues that lock-down periods effectively denied him access to the law library

12  from March 21, 2006 to May 15, 2006, a total of fifty-five (55) days.  (Opp. to Mot. to Dismiss at

13  6, Exh. 3).  As noted above, the superior court issued it's ruling on Petitioner's petition on April

14  11, 2006.  Hence,  the total amount of time Petitioner was unable to prepare for the next level of

15  review due to the lockdown was thirty-four days. Further, as the lockdown was beyond

16  Petitioner's control, the Court finds those thirty-four days subject to equitable tolling.  The

17  remaining thirty days of this interstitial period is subject to statutory tolling.  "[T]he AEDPA

18  statute of limitations is tolled for 'all of the time during which a state prisoner is attempting ,

19  through proper use of state court procedures, to exhaust state court remedies with regard to a

20  particular post-conviction application.'" *Nino v. Galaza*, 183 F.3d 1003,1006 (9th Cir. 1999).

21  Accordingly, the Court finds, the thirty days used by Petitioner that were not eligible for equitable

22  tolling was not unreasonable.   Petitioner's appellate court petition was timely filed.

23  Furthermore, Petitioner is entitled to statutory tolling for the period in which his petition

24  was being considered by the state appellate court.  28 U.S.C. §2244(d)(2).  The petition was filed

25  on June 15, 2006 and the decision was rendered on September 15, 2006.  (Lodgment 4 & 5).

26  Therefore, Petitioner is entitled to statutory tolling for ninety-three (93) days.

27  **c) State supreme court  review**

28  On November 16, 2006, sixty-one (61) days after the state appellate court ruling, Petitioner

1   filed a petition for habeas corpus in state supreme court. (Lodgment 6). Petitioner is entitled to

2   tolling this sixty-one day period. The court is satisfied the delay was reasonable  in accordance

3   with *Chavis*. 546 U.S. at 189.   Specifically, Petitioner is entitled to 16 days of equitable tolling

4   plus 45 days of statutory tolling during this interstitial period.

5          In his Opposition, Petitioner notes additional lock-down periods effectively denied him

6   access to the law library from October 3, 2006 to October 19, 2006, a total of 16 days. (Opp. to

7   Mot. to Dismiss at 6, Exh. 3).  Because the lock-down was beyond Petitioner's control, the Court

8   finds those 16 days subject to equitable tolling. The remaining 45 days of this interstitial period is

9   subject to statutory tolling. As noted above, the statute of limitations is tolled if a state prisoner is

10  properly pursuing his state court remedies. *See Nino v.Galaza*, 183 F.3d at 1006.   Accordingly,

11  the Court finds the forty-five days not subject to equitable tolling was not unreasonable and

12  Petitioner's state supreme court petition was timely filed.

13         Further, for the period in which his petition was being considered by the state supreme

14  court Petitioner is entitled to statutory tolling. 28 U.S.C. §2244(d)(2). The petition was filed on

15  November 16, 2006 and a decision was rendered on May 23, 2007. (Lodgment 6 & 7). Therefore,

16  Petitioner is entitled to statutory tolling for this one-hundred eighty-nine (189) day period.

17         **C. Filing in federal court**

18         On March 25, 2008, three-hundred seven (307) days later, Petitioner filed his original

19  petition for writ of habeas corpus in federal district court. (Lodgment 9).  On April 3, 2008, this

20  court dismissed the petition without prejudice and with leave to amend because the petition failed

21  to name the proper respondent and failed to allege exhaustion of state court remedies. (Lodgment

22  10). On April 25, 2008, Petitioner filed his Amended Petition for Writ of Habeas Corpus with this

23  court. (Lodgment 8).

24         For statute of limitations purposes, an amended pleading will relate back to the filing date

25  of the original pleading if "the claim or defense asserted in the amended pleading arose out of the

26  conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."

27  FED. R. CIV. P. Rule 15(c)(2).  When the failure to name the proper respondent is the basis for the

28  dismissal of a petition for writ of habeas corpus, the Ninth Circuit has held that an amendment to

1  cure the defect does not deprive the court of proper subject matter jurisdiction over the claim, but

2  only personal jurisdiction over the respondent. *Stanley v. Supreme Court of California*, 21 F.3d

3  359, 359 (9th Cir. 1994).  Further, when the district court either expressly or impliedly retains

4  jurisdiction over a dismissed claim, then the subsequent amendment will relate back to the original

5  pleading's filing date. *See Henry v. Lungren*, 164 F.3d 1240, 1241 (9th Cir. 1999).  Therefore,

6  since the original habeas petition was dismissed for failure to name the proper respondent, and the

7  dismissal was without prejudice and with leave to amend, the amended petition will relate back to

8  the filing date of the original federal petition– March 25, 2008.

9      **D. Conclusion**

10     A total of seven-hundred fifty-five (755) days had passed from the date following the

11  finalization of the Parole Board's decision (which began the statute of limitations in the absence of

12  any tolling) to the filing of Petitioner's first Petition for Writ of Habeas Corpus in federal district

13  court.  Of those seven-hundred fifty-five (755) days and for the reasons stated herein, Petitioner is

14  entitled to a combination of statutory and equitable tolling of the full period from the filing of his

15  first petition in state superior court to the issuance of the last decision by the state supreme court; a

16  period totaling four-hundred forty-eight (448) days[11].  Consequently, Petitioner has filed his

17  petition in federal court three-hundred seven (307) days into the applicable one (1) year, three-

18  hundred sixty-five (365) days, statute of limitations.  Accordingly, it is recommended that

19  Respondent's motion to dismiss based on the statute of limitations be **DENIED**.

20                    **VII.  Recommendations**

21     For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the Court issue an

22  Order:  **DENYING** Respondent's Motion to Dismiss the Petition for Writ of Habeas Corpus.

23     **IT IS FURTHER ORDERED** that no later than January 5, 2009,  any party to this action

24  may file written objections with the Court and serve a copy on all parties.  The document should

25  be captioned "Objections to Report and Recommendation."

26     **IT IS FURTHER RECOMMENDED** that Respondents be ordered to file an Answer with

27

28     [11]This total is calculated from the day after the day the Parole Board's decision became final
(March 2, 2006), which is when the statute of limitations began to run, to the date of the state supreme
court's decision (May 23, 2007).

1    the Court and serve a copy on all parties thirty days after Judge Hayes' ruling.

2        **IT IS FURTHER RECOMMENDED** that any Traverse be filed with the Court and

3    served on all parties no later than thirty days after the filing of Respondent's Answer.

4        **IT IS SO ORDERED.**

5    DATED:  December 5, 2008

6

7                                                Hon. William McCurine, Jr.
                                                 U.S. Magistrate Judge
8                                                United States District Court

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

08cv562-WQH (WMc)