# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE RAMIREZ-SALGADO,<br><br>                    Petitioner,<br>    vs.<br>LARRY E. SCRIBNER, Warden, and JERRY BROWN, Attorney General of the State of California,<br><br>                    Respondents. | CASE NO. 08cv562-WQH-WMc<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Report and Recommendation (Doc. # 19) of Magistrate Judge William McCurine, Jr., filed on February 16, 2010, recommending that this Court deny Petitioner Jose Ramirez-Salgado's First Amended Petition for Writ of Habeas Corpus (Doc. # 4).

**I.      Background**

On November 1, 1979, Petitioner pleaded guilty in San Diego County Superior Court to second degree murder, robbery and assault with a deadly weapon. (Lodgment # 3 at 1). Petitioner was sentenced to a term of twenty years to life. (Pet., Doc. # 4 at 1).

On November 1, 2005, the California Board of Parole Hearings ("Board") held a parole hearing for Petitioner. (Lodgment # 2). After hearing from Petitioner, Petitioner's attorney and Deputy District Attorney A. Rodriguez, and reviewing the documents related to Petitioner's case, the Board denied him parole. (*Id.* at 25-30).

1    Petitioner filed a petition for writ of habeas corpus challenging the Board's denial in the
2 San Diego Superior Court, which issued a written, unpublished opinion denying the petition.
3 (Lodgment # 2, 3).

4    Petitioner appealed to the California Court of Appeals, which also denied the petition
5 in a written, unpublished decision. (Lodgment # 4, 5). The California Court of Appeals wrote:

> Jose Ramirez-Salgado is serving a prison sentence of 20 years to life after pleading guilty in 1979 to second degree murder, robbery and assault with a deadly weapon, and admitting he was personally armed with a firearm when he committed the offenses. On November 1, 2005, the Board of Parole Hearings ... held a hearing and declined to set a parole date, finding Ramirez-Salgado would pose an unreasonable risk to society or public safety if released. The Board based its decision on the cruel and callous nature of the offense, finding multiple victims were attacked or killed and the motive for the crime was inexplicable or trivial compared to the offense. The Board further found Ramirez-Salgado has a record of violence, and escalating pattern of criminal conduct and a history of unstable relationships with others. He has limited prison programming, failed to develop a marketable skill to use when released, failed to upgrade his vocational skills and has not sufficiently participated in beneficial self-help or therapy programs. Further, Ramirez-Salgado failed to show positive changes in that he received 30 disciplinary reports while incarcerated, including two since his last parole hearing.
>
> Ramirez-Salgado claims: (1) the Board relied on facts of the crime which were not admitted by him in his plea agreement, not found by the court at the change of plea hearing and not relied on by the prosecution in offering the plea bargain; (2) he received ineffective assistance of counsel before, during and after the suitability hearing because counsel advised him to waive his right to be present at that hearing; (3) the Board's findings he was unsuitable for parole were contrary to the facts, unreasonable and violated his due process rights; and (4) the Board violated his due process rights by punishing him for exercising his legal right to personally appear at ths parole suitability hearing and predetermining the outcome of that hearing.
>
> The facts of the crime as stated in the Board's 2002 report are: Ramirez-Salgado robbed two men at gunpoint, taking cigarettes and $6. He told them to run, and as they did so, Ramirez-Salgado fired several shots at them. A bullet hit one of them in the neck. Ramirez-Salgado ran down an alley, firing several more shots. He approached a car occupied by a man and his son, fired several shots, but missed them. When another man came out of his house to investigate, Ramirez-Salgado shot him three times in the chest, fatally wounding him. Ramirez-Salgado approached a sixth victim and, at gunpoint, demanded his wallet. The victim said he had no wallet. Finding no wallet, Ramirez-Salgado told the victim to run and as the victim did so, Ramirez-Salgado fired several shots.
>
> Where, as here, a prisoner refuses to discuss the facts of the crime, the Board's decision must be made on other available information. (15 Cal. Code Reg., tit. 15, § 2236.) Ramirez-Salgado cites no authority for the proposition that the Board may consider only facts admitted in the plea agreement, found by the court at the change of plea hearing or ruled on by the prosecution in offering the plea bargain. The Board acted properly in considering the facts of the

|   |   |
|---|---|
| 1 | commitment offense as presented in the Board's 2002 report. |
| 2 | Ramirez-Salgado claims he received ineffective assistance of counsel because his attorney tried to prevent him from appearing at the parole hearing. However, Ramirez-Salgado personally appeared at the parole hearing and thus, any alleged deficiency by counsel did not prejudice him. (*Strickland v. Washington*, (1984) 466 U.S. 668, 688; *People v. Waddle* (2000) 22 Cal. 4th 690, 718.) |

Ramirez-Salgado claims he received ineffective assistance of counsel because his attorney tried to prevent him from appearing at the parole hearing. However, Ramirez-Salgado personally appeared at the parole hearing and thus, any alleged deficiency by counsel did not prejudice him. (*Strickland v. Washington*, (1984) 466 U.S. 668, 688; *People v. Waddle* (2000) 22 Cal. 4th 690, 718.)

Ramirez-Salgado contends the Board's unsuitability finding was contrary to the facts, unreasonable and violated his due process rights. However, the record shows that in finding Ramirez-Salgado was unsuitable for parole, the Board considered proper facts in an individualized manner. There is some evidence to support the Board's decision. (*In re Dannenberg* (1995) 34 Cal. 4th 1061, 1084.) Further, Ramirez-Salgado has not provided a sufficient basis on which to show the Board punished him for exercising his legal right to personally appear at the parole suitability hearing and predetermined the outcome of that hearing. (*In re Alvernaz* (1992) 2 Cal. 4th 924, 945.)

The petition is denied.

(Lodgment # 5 at 1-3).

Petitioner appealed to the California Supreme Court, which denied the petition without explanation. (Lodgment # 6, 7).

On March 25, 2008, Petitioner, proceeding pro se, initiated this action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in this Court. (Doc. # 1).

On May 2, 2008, Petitioner filed the First Amended Petition ("Petition"). (Doc. # 4). Petitioner challenges the November 1, 2005 decision by the Board denying him parole.

On February 18, 2009, Respondents filed an Answer to the Petition. (Doc. # 16).

On March 20, 2009, Petitioner filed a Traverse. (Doc. # 18).

On February 16, 2010, the Magistrate Judge issued the Report and Recommendation. (Doc. # 19). The Magistrate Judge recommended that this Court deny the Petition because the state appellate court's decision to deny Petitioner's claims was not based on an unreasonable determination of the facts in light of the evidence presented, and was neither contrary to, nor an unreasonable application of, clearly established Supreme Court law.

On March 16, 2010, Petitioner filed objections to the Report and Recommendation. (Doc. # 21). Petitioner objects to the sufficiency and accuracy of the facts and evidence relied upon by the Magistrate Judge and the Board. (*Id*. at 1-4). Petitioner also objects that his "maximum term" of imprisonment is "20 years," "[a]fter which parole is mandated by law,

unless [the Board] finds evidence of the continued threat to society...." (*Id.* at 7). Petitioner contends that any evidence relied upon by the Board in making this determination "must be proven to a jury beyond a reasonable doubt, or admitted to by the defendant in court." (*Id.* at 11 (citing, *inter alia*, *Blakely v. Washington*, 542 U.S. 296 (2004); *Apprendi v. New Jersey*, 530 U.S. 466 (2000))). Petitioner requests that the Report and Recommendation "be denied and [the] Petition be scheduled for an evidentiary hearing." (*Id.* at 9).

## II.   Standard of Review

The duties of the district court in connection with a magistrate judge's report and recommendation are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court must "make a *de novo* determination of those portions of the report ... to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. §636(b)(1); *see also U.S. v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989).

## III.   Discussion

The Magistrate Judge correctly found that the Petition was governed by the deferential standard of the Antiterrorism and Effective Death Penalty Act of 1996. (Doc. # 19 at 4). Under this standard, a "petition cannot be granted unless the state court decision 'was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' or 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Sass v. Cal. Bd. of Prison Terms*, 461 F.3d 1123, 1127 (9th Cir. 2006) (overruled on other grounds by *Hayward v. Marshall*, --- F.3d ----, No. 06-55392, 2010 WL 1664977 (9th Cir., Apr. 12, 2010)) (quoting 28 U.S.C. § 2254(d)). The relevant "state court decision" in this case, *id.*, is the written decision by the California Court of Appeals denying Petitioner's state habeas petition. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-06 (1991).

The Magistrate Judge correctly analyzed Petitioner's challenge of his parole denial pursuant to California's "some evidence" standard. (Doc. # 19 at 6). The Ninth Circuit has summarized the "some evidence" standard as follows:

> In California, when a prisoner receives an indeterminate sentence of fifteen years to life, the indeterminate sentence is in legal effect a sentence for the maximum term, subject only to the ameliorative power of the parole authority to set a lesser term.... [D]enial of parole must be supported by 'some evidence,' but review of the ... decision is extremely deferential.... [T]he paramount consideration for both the Board of Prison Terms and the Governor under the governing statutes is whether the inmate currently poses a threat to public safety.... The prisoner's aggravated offense does not establish current dangerousness unless the record also establishes that something in the prisoner's pre- or post-incarceration history, or his ... current demeanor and mental state supports the inference of dangerousness.

*Hayward*, 2010 WL 1664977, at *10 (quotations omitted).

The Court has reviewed *de novo* the Petition, the record, and the submissions of the parties. The California Court of Appeals correctly concluded that the Board's decision to deny parole to Petitioner was supported by "some evidence" of current dangerousness. The Board based its decision on the cruel and callous nature of the offense; the inexplicable or relatively trivial motive for the crime; Petitioner's history of unstable relationships; Petitioner's record of violence; Petitioner's failure to develop a marketable skill to use when released; Petitioner's failure to participate in beneficial self-help or therapy programs; and the many disciplinary reports Petitioner has received while incarcerated. These are appropriate factors for the Board to consider. *See* Cal. Code Regs., tit. 15, § 2402(c)-(d) (listing circumstances tending to show "unsuitability" and "suitability" for parole release). The Board reasonably applied the facts in the record to the applicable factors, and reasonably concluded that "some evidence" of current dangerousness exists.

In his objections, Petitioner contends that certain facts were omitted by the Board and the California Court of Appeals—in particular, his drug and alcohol use on the day of the crime, his troubled childhood, his farming background, the stable relationships he has maintained while incarcerated, and his seizure disorder, which he contends prevented him from participating in vocational classes. After review of Petitioner's objections and the record, the Court concludes that, even assuming the truth of Petitioner's factual assertions, there is nonetheless "some evidence" to support the Board's decision to deny parole. The Board's conclusions concerning the nature of the offense, the motive for the crime, Petitioner's failure to participate in beneficial self-help or therapy programs, and Petitioner's disciplinary history

1  while incarcerated constitute "some evidence." *See* Cal. Code Regs., tit. 15, § 2402(c); *see*
2  *also Lewis v. Cal. Bd. of Prison Terms*, 264 Fed. App'x 647, 648 (9th Cir. 2008) (failure
3  adequately to pursue self-help programs, prior criminal history, and prison disciplinary record
4  sufficient to support Board's unsuitability finding); *Wauls v. Muntz*, 256 Fed. App'x 106, 107
5  (9th Cir. 2007) (nature of commitment offense, criminal history, and disciplinary history
6  sufficient to support Board's findings); *Hernandez v. Perez*, 256 Fed. App'x 108, 109 (9th Cir.
7  2007) ("pre-incarceration factors" and "prison disciplinary record" were sufficient).

8  In his objections, Petitioner contends that the *Apprendi* and *Blakely* line of cases apply
9  in the parole context. In *Apprendi*, the Supreme Court held that "[o]ther than the fact of a prior
10 conviction, any fact that increases the penalty for a crime beyond the prescribed statutory
11 maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at
12 490. In *Blakely*, the Court held that for *Apprendi* purposes the "statutory maximum" is the
13 "maximum sentence a judge may impose solely on the basis of the facts reflected in the jury
14 verdict or admitted by the defendant." *Blakely*, 542 U.S. at 303. *Blakely* held that the
15 *Apprendi* rationale does not apply to indeterminate sentencing within the sentence range
16 permitted by a jury's verdict. *See id.* at 308-09. *Blakely* states that even though an
17 indeterminate sentencing regime allows for judicial fact-finding, a "judge (*like a parole board*)
18 may implicitly rule on those facts he deems important to the exercise of his sentencing
19 discretion." *Id.* at 309 (emphasis added). Petitioner's objection based upon *Apprendi* and
20 *Blakely* is overruled.

21 The Court concludes that Petitioner has failed to demonstrate that the California court's
22 decision denying his claim "was based on an unreasonable determination of the facts in light
23 of the evidence presented in the State court proceeding," or "was contrary to, or involved an
24 unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d).
25 Accordingly, the Petition is denied.

26 **IV.    Request for Evidentiary Hearing**

27 "[F]or a post-AEDPA petitioner to receive an evidentiary hearing in federal court, he
28 must first show that he has not failed to develop the factual basis of the claim in the state

courts: if he has failed, he must meet one of the two narrow exceptions stated in the statute. Then he must meet one of the *Townsend* factors and make colorable allegations that, if proved at an evidentiary hearing, would entitle him to habeas relief." *Insyxiengmay v. Morgan*, 403 F.3d 657, 670 (9th Cir. 2005) (citing 28 U.S.C. § 2254(e)(2); *Townsend v. Sain*, 372 U.S. 293, 313 (1963)). Petitioner has failed to show that "he has not failed to develop the factual basis of the claim in the state courts" or that he meets the exceptions in § 2254(e)(2).[1] Petitioner has also failed to make colorable allegations that, if proved at an evidentiary hearing, would entitle him to habeas relief. Petitioner's request for an evidentiary hearing is denied.

## V.     Certificate of Appealability

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability should be issued only where the petition presents "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "[A] [certificate of appealability] should issue when the prisoner shows ... that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

For the reasons discussed above, and in the Report and Recommendation, the Court concludes that jurists of reason would not find it debatable whether the Petition should be denied. Accordingly, the Court denies a certificate of appealability.

---

[1] Section 2254(e)(2) provides:
If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--
    (A) the claim relies on--
     (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
     (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
    (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
28 U.S.C. § 2254(e)(2).

**VI.     Conclusion**

**IT IS HEREBY ORDERED** that (1) the Report and Recommendation (Doc. # 19) is **ADOPTED** in its entirety; and (2) the First Amended Petition for Writ of Habeas Corpus is **DENIED** (Doc. # 4). A certificate of appealability is **DENIED**.   The Clerk of the Court shall enter judgment in favor of Respondents.

DATED:  May 10, 2010

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge